IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JASEYONA SAGE THOMAS,<br><br>    Defendant. | Case No. 1:24-cr-137 and 1:24-cr-138<br><br>**STIPULATED DISCOVERY ORDER AND PROTECTIVE ORDER** |

IT IS HEREBY AGREED AND UNDERSTOOD by and between the United States, and Defendant, JASEYONA SAGE THOMAS, by Defendant's undersigned counsel, as follows:

1. The United States will include in its discovery file, or otherwise make available, law enforcement reports (excluding evaluative material of matters such as possible defenses and legal strategies), and evidence or existing summaries of evidence in the custody of the United States Attorney's Office which provide the basis for the case against the Defendant. The file will include Rule 16, Brady, and Jencks Act materials of which the United States Attorney's Office is aware and possesses according to applicable statutes and case law. Should the Defendant become aware of any Brady material not contained in the standard discovery file, Defendant will notify the United States Attorney's Office of such materials in order that the information may be obtained. The United States will disclose witness statements no later than five (5) working days before trial. If statements are obtained four (4) days or fewer before trial, or during trial, the statements will be disclosed no later than two (2) days before the witness testifies. The

United States will disclose the grand jury testimony of trial witnesses three (3) days prior to trial pursuant to the Court's Standing Order. The United States will provide the discovery on one or more electronic storage devices and any cost of printing shall be the responsibility of the Defendant.

2. The United States may redact or withhold information from the open discovery file for security concerns or to protect an ongoing investigation. This does not preclude the Defendant from requesting *in camera* review of such material by the Court, upon proper showing in order to determine whether it should be disclosed in accordance with Fed. R. Crim. P. 16. When the United States withholds information from its standard discovery file, notice of the withholding, along with a general description of the type of material withheld, will be included in the discovery file. Except for material subject to disclosure under Rule 16, Brady, the Jencks Act, or other applicable law, the discovery file will not contain evidence which the United States has decided to use solely for impeachment of defense witnesses or rebuttal evidence. It will not include material evaluative of matters such as possible defenses and legal strategies or other attorney work product. The United States is authorized to disclose any Defendant's tax information in its file to co-Defendants for use consistent with this Order.

3. Personal Identity Information: To expedite the flow of discovery material between the parties, the United States may produce certain Personal Identity Information, as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, pursuant to Defendant's discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, or to the provisions of 42 U.S.C. § 1306.

The United States may produce these documents <u>unredacted</u> to the defense counsel consenting to this Order. Upon producing these documents, the United States shall designate them as confidential by marking the storage device label as "Protected Material – Subject to Court Order." The parties agree that no document will be submitted to the Court, reproduced in any court filing, or presented in open Court unless the document or filing is placed under seal or all Personal Identity Information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure is redacted, or prior approval by the Court obtained.

4. The information in the United States' discovery file may only be used for the limited purpose of discovery and in connection with the above-captioned federal criminal case now pending against the Defendant. Copies of the information provided in discovery **shall not** be disseminated to or used by any person other than the Defendant's counsel, Defendant's counsel's staff or employees, and any agent or expert retained by Defendant or Defendant's counsel. The information may <u>not</u> be used or disclosed in any proceeding not part of the pending criminal case. If any agent is retained or used by the Defendant in preparation for litigation, defense counsel will advise that agent of this Order, and use of the information by the retained agent will be subject to the terms of the Order. This paragraph does not prohibit the dissemination of disclosed materials among counsel for co-Defendants in this federal criminal case who are subject to this Order. No copies of materials obtained through discovery shall be disseminated to other defendants or their counsel who are not subject to this or a similar Order except through motion pleading or the offer of trial and sentencing exhibits.

5.      Grand jury testimony (other than that of the Defendant), Jencks Act statements, summary reports of witness statements (other than statements of the Defendant) and any audio and video recordings of the same, and all other discovery material will remain in the sole custody of the Defendant's attorney or an agent working on behalf of the attorney and **shall not be left with the Defendant** or any third party unless otherwise provided by court order obtained with a motion with notice to the United States. The prohibition on leaving materials with the Defendant or third party shall not apply to items discoverable under Fed. R. Crim. P. 16 and, to the extent they are intended for use as evidence in case-in-chief at trial, copies of documents, tangible objects, and reports of examinations and tests. Other than for uses associated with representation of the Defendant in the criminal case now pending, the defense shall not photocopy or reproduce grand jury transcripts, Jencks Act statements, summary reports of witness interviews (other than statements of the Defendant) and any audio and video recordings of the same or exhibits. If the attorney for the Defendant is subsequently allowed to withdraw from this case, and a substitute counsel is appointed or retained, upon agreement by the United States Attorney's Office, the withdrawing attorney may provide copies of transcriptions, summaries, notes, or dictations of discovery material to the substitute counsel. The new attorney, however, shall be subject to the terms of this Order.

For defendants who are detained pending trial, the parties may modify this paragraph on a case-by-case basis without leave of the Court. Any modification of this paragraph must be in writing and approved by the United States Attorney or his designee.

6. In exchange for the production by the Government of memoranda of interviews, the Defendant agrees to provide copies of any and all statements of witnesses prepared by or on behalf of the Defendant, if the Defendant intends to call said witnesses at trial, no later than five (5) working days before trial. Such production will be made subject to the same terms and conditions specified in paragraph 2 above. If statements are obtained four (4) days or fewer before trial, or during trial, the statements will be disclosed no later than two (2) days before the witnesses testifies. This agreement for production of such materials does not include the production of materials that would constitute an infringement of the attorney-client relationship or reveal confidential communications between the Defendant and his attorneys, or evaluative material such as possible defenses and legal strategies or other attorney work product. This paragraph shall not be construed to require reciprocal production of materials greater than that required under the Federal Rules of Criminal Procedure.

7. Upon disclosure of the United States' discovery file, Defendant shall be under a continuing obligation to provide disclosure of statements as defined in 18 U.S.C. §§ 3500(e)(1) and (2), and reciprocal discovery under Fed. R. Crim. P. 16(b) and 26.2.

8. Dictation of discovery materials is permissible, but duplication of materials by video, photography, copy machine, computer scanner, or other means is prohibited except for uses associated with representation of the Defendant in the case now pending.

9. The United States' provision of discovery under this Order or under its standard discovery policy generally satisfies its notice obligations pursuant to Fed. R. Crim. P. 12(b)(4). It also serves as notice under Fed. R. Crim. P. 16(a)(1)(F) and (G)

with respect to laboratory experts who have analyzed items related to controlled substances. This Order satisfies the Discovery Conference requirement in Rule 16.1, Federal Rules of Criminal Procedure. The parties agree to undertake good-faith efforts to resolve any disputes between themselves prior to asking the Court to determine or modify any aspect of Rule 16 pretrial disclosure.

      10.    The United States and defense counsel have agreed, as soon as practicable, to review and discuss the anticipated volume of discovery pertaining to the pending criminal matter. In certain cases involving a defendant who is detained there may be a motion to the Court seeking authorization for the acquisition of hardware or software for the defendant to use in reviewing discovery materials. These certain cases include, but are not limited to, cases involving massive documentary discovery, voluminous electronically stored information (ESI), numerous hours of wiretap tapes, complex financial transactions, and national security concerns requiring disclosure. The parties have conferred thoroughly about the subject matter of this Stipulated Discovery Order and Protective Order and they hereby stipulate that any motions to the Court for authorization for the acquisition of hardware or software for the defendant to use in reviewing discovery materials will not be made on an ex parte basis.

      11.    If any discovery materials outside the scope of Fed. R. Crim. P. 16 are provided to Defendant in violation of this provision, those materials (including any co-mingled Fed. R. Crim. P. 16 materials) may be seized and removed from the Defendant's possession and notice of such removal and/or violation of this provision will be provided to defense counsel in writing or by email. Upon receipt of notice of such removal and/or

violation of this provision, defense counsel agrees to retrieve any such materials from the Defendant and to return to the United States all discovery materials previously provided pursuant to this Stipulation, excluding materials provided pursuant to Fed. R. Crim. P. 16, within one week of the receipt of notice of removal and/or violation. The United States will thereafter be released from its commitments under this Stipulated Discovery Order.

12. The parties agree to jointly request that the Court enter a Protective Order, consistent with this agreement, pursuant to Fed. R. Crim. P. 16(d)(1).

13. This ORDER imposes a continuing duty to disclose on all parties.

**IT IS SO ORDERED.**

Dated: __October 17, 2024__

_/s/ Clare R. Hochhalter_
CLARE R. HOCHHALTER
Magistrate Judge
United States District Court

Dated: October 17, 2024

JOSHUA WEATHERSPOON
Attorney for JASEYONA SAGE THOMAS

Dated: 10/17/2024

Rick L. Volk
Assistant United States Attorney