## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Jaseyona Sage Thomas, ) | Case Nos. 1:24-cr-137 and 1:24-cr-138 |
| ) | |
| Defendant. ) | |

In October 2024 the court issued orders releasing Defendant on conditions to the Prairie Recovery Center ("Prairie Recovery") so that she could participate in its inpatient treatment program. (Case No. 1:24-cr-137, at Doc. Nos. 44, 45; Case No. 1:24-cr-138 at Doc. Nos. 40, 41).

On December 13, 2024, the court issued orders amending Defendant's release conditions to permit her to transition to and reside at Blessed Builders with the caveat she was to surrender to the custody of the United States marshal if terminated from Blessed Builders for any reason. (Case No. 1:24-cr-137 at Doc. No. 59; Case No. 1:24-cr-138 at Doc. No. 55).

On December 30, 2024, the court was informed that Defendant had been terminated by Blessed Builder had surrendered to the United States marshal. Consequently, the court issued an order remanding Defendant to the custody of the United States marshal pending further order. (Case No. 1:24-cr-137 at Doc. No. 63; Case No. 1:24-cr-138 at Doc. No. 56).

On motion by Defendant, the court issued an order on January 2, 2025, releasing Defendant to the Sahnish Healing Lodge on January 10, 2025. (Case No. 1:24-cr-137 at Doc. No. 66; Case No. 1:24-cr-138 at Doc. No. 59). On March 19, 2025, the court issued an order modifying Defendant's release conditions to allow her to reside at The Sanctuary with the caveat that she was to surrender

to the custody of the United States marshal if terminated from the Sanctuary for any reason. (Case No. 1:24-cr-137 at Doc. No. 79; Case No. 1:24-cr-138 at Doc. No. 67).

On March 26, 2025, the Pretrial Services Office filed a petition alleging that Defendant had violated her conditions of release requiring her to refrain from the use of controlled substances, reside at The Sanctuary, and self-surrender to the United States marshal if terminated from the Sanctuary for any reason. (Case No. 1:24-cr-137 at Doc. No. 80; Case No. 1:24-cr-138 at Doc. No. 67). At the court's direction, an arrest warrant for Defendant was issued. (Case No. 1:24-cr-137 at Doc. No. 81; Case No. 1:24-cr-138 at Doc. No. 69)

Defendant was arrested in Bismarck on August 6, 2025. (Case No. 1:24-cr-137 at Doc. No. 95; Case No. 1:24-cr-138 at Doc. No. 76). Following a hearing on the petition, the court revoked her release conditions and remanded her to the custody of the United States marshal. (Case No. 1:24-cr-137 at Doc. No. 96; Case No. 1:24-cr-138 at Doc. No. 79).

Plaintiff subsequently executed a plea agreement and on October 15, 2025, entered a guilty plea to the offenses charged in Count One of her two Indictments. (Case No. 1:24-cr-137 at Doc. No. 104; Case No. 1:24-cr-138 at Doc. No. 90). The Court deferred acceptance of Defendant's guilty pleas pending sentencing, which is presently scheduled for February 24, 2026. (Id.).

On February 18, 2026, Defendant filed a motion for release from custody. (Case No. 1:24-cr-137 at Doc. No. 119; Case No. 1:24-cr-138 at Doc. No. 108). Stressing that she has now endured an extended period of forced sobriety, she requests to be released on conditions to the Healing hearts Lodge in Bismarck, North Dakota.

The available of a placement at the Healing Hearts Lodge is new information and the court appreciates that Defendant has a serious addiction with which she has struggled for much of her life.

Nevertheless, the court cannot ignore the fact that Defendant has been afforded multiple opportunities to address her addiction issues but has repeatedly failed to comply with this court's conditions. Of concern to the court is the fact that Defendant absconded from The Sanctuary and alluded law enforcement for approximately more than four months before she was arrested on August 6, 2025. The court further notes the lack of a treatment component to Defendant's proposed placement. Finally, given Defendant's history, the court is not persuaded that a placement at a sober living facility such as the Healing Hearts Lodge can provide the level of structure, supervision, and security required under the circumstances. Defendant's motion (Case No. 1:24-cr-137 at Doc. No. 119; Case No. 1:24-cr-138 at Doc. No. 108) is therefore **DENIED**.

    **IT IS SO ORDERED.**

    Dated this 23rd day of February, 2026.

                                                   */s/ Clare R. Hochhalter*
                                                   Clare R. Hochhalter, Magistrate Judge
                                                   United States District Court